## Jones Estate

*Foulke, Knight, Stefan & Timoney*, for appellant.
*Santarone & Rendine*, for respondent.

TAXIS, P. J., January 7, 1969.—Decedent died May 12, 1968. On July 31, 1968, a writing dated September 22, 1957, was admitted to probate by the register of wills. This action has been appealed, and appellant avers that a later writing dated August 22, 1958, and a codicil thereto of March 30, 1968, together comprise the last will and testament of the decedent.

A pretrial conference was held, at which counsel for Samuel A. Jones, beneficiary under the earlier writing, requested an opportunity for his handwriting expert, Charles A. Appel, Jr., to take a number of ink specimens from the respective instruments. The court requested detailed information as to how such specimens could be taken without any material mutilation or alteration of the documents. The court has been supplied a letter, dated October 31, 1968, in which Mr. Appel outlines in detail the manner in which such ink specimens, of which he would require 11, would be extracted by him.

The following excerpt from Mr. Appel's letter describes the process:

"So that a minimum of change of the documents may be caused by removal of minute amounts of the ink substance deposited in the writings, it is proposed to cut across writing lines which are distinct from other writings, selecting areas without other marks and remove just a very small amount of the ink by taking the paper along the line for about 1/16″. It has been found that this does not interfere with knowledge of the shape of the line on the original. To insure that even this small alteration is inconsequential a photograph is proposed to be first made of each document for permanent record.

"That such removals will not affect use of the document in evidence may be judged by viewing the enclosed Xerox copies on which by freehand in pencil there have been marked small rectangles set across lines chosen because they are relatively straight clearly depicting the line shape even without the cutout . . . .

"As they are actually cut out it is suggested copies of the wills be marked with arrows and numbers in the way shown on these copies (there being no necessity to draw rectangles) so as to record exactly where each specimen was secured.

"So as to furnish an actual example of the effect of such removals there is also enclosed a piece of plain white paper on which was traced from a Xerox copy the date Aug. 23, 1958. From this was then cut two rectangles crossing the lines discussed above. When viewed without magnification these holes are so small as to be hardly noticeable, do not prevent observation of the total lines, yet furnish sufficient ink to enable the analysis".

Research does not disclose any reported case where the cutting and extracting of ink specimens as so described has been permitted by the courts. Mr. Appel himself knows of no such case. However, although the

question is novel and unusual, I have no doubt that a trial court has a sufficiently broad discretion in the search for truth to permit the extraction of ink specimens as here requested. After the extractions, the documents would contain a few small holes resembling those found on data processing cards, but it is obvious that such extractions would not in any way materially alter the instrument or render its meaning illegible or obscure. The court is aware that opinion evidence in these areas, no matter how positive and certain, is not accorded great weight by the appellate courts in the face of direct evidence that a document is genuine: Kadilak Will, 405 Pa. 238. The present case, however, is only in the preparation stage, and it cannot be known how great or how little the importance of the ink analysis being sought may turn out to be. It would seem unreasonable to refuse the present application, as it will cause no significant alteration of the documents and may well produce relevant evidence concerning their validity.

Therefore, the court orders and decrees that Charles A. Appel, Jr., may remove 11 ink samples from the 4 documents involved in this proceeding, as set forth in his letter of October 31, 1968, at a time to be mutually agreed upon by the parties, said samples to be removed in the office of the Register of Wills of Montgomery County.